USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANTHONY B. NELSON,              :

           Plaintiff,     :   09 Civ. 3924 (LTS)(HBP)

  -against-                    :   OPINION
                                AND ORDER
TELECOMMUNICATION RESOURCES OF  :
NEW YORK INC., et al.,
                            :

           Defendants.        :
-----------------------------------X

PITMAN, United States Magistrate Judge:

By an undocketed application dated April 5, 2010 plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

I also note that this Order is not related to the appointment of pro bono counsel to represent plaintiff in connection with the court-annexed mediation program. The pro bono counsel who will represent plaintiff in the mediation will represent plaintiff only in the mediation and not in any other aspect of the case. I understand plaintiff's current application to be seeking pro bono counsel for all aspects of this case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Although plaintiff's application establishes his financial need for pro bono counsel, it fails to address any of the other relevant factors such as plaintiff's efforts to obtain counsel on his own, why plaintiff cannot litigate the case on his own, and, most importantly, the application offers nothing to establish the merits of plaintiff's claims.

Accordingly, plaintiff's application to have his case added to the list of cases considered by the Court's Pro Bono

Panel is denied without prejudice to renewal.  Any renewed application should consider the pertinent factors cited above.

Dated:  New York, New York
        April 22, 2010

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Anthony B. Nelson
12B Broun Place
Bronx, New York  10475

Michael P. Graff, Esq.
Graff Law Offices
Suite 11G
161 West 61st Street
New York, New York  10023